UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIRAY BIYIKLIOGLU** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1684** |
| **ST. TAMMANY PARISH JAIL, ET AL.** | **SECTION: "I"(3)** |

## O R D E R

Plaintiff, Giray C. Biyiklioglu, filed a *pro se* and *in forma pauperis* complaint against the St. Tammany Parish Jail and the "U.S. Marshalls" [sic], asserting a claim that his rights were violated when the defendants failed to protect him from violence at the hands of a fellow inmate.[1] The undersigned issued an order advising plaintiff that neither the St. Tammany Parish Jail nor the United States Marshal's Service was a proper defendant and directing him to file an amended complaint.[2] Plaintiff thereafter filed an amended complaint, adding the following defendants: David J. Horchar; Nico Paternostro; St. Tammany Parish Sheriff Jack Strain; and United States Marshal Genny May.[3]

Marshal May then filed a "Motion to Dismiss, or Alternatively, Motion for Summary Judgment."[4] The undersigned issued a report recommending that the motion be granted, finding in pertinent part:

---

[1]   Rec. Doc. 1.

[2]   Rec. Doc. 4.

[3]   Rec. Doc. 7.

[4]   Rec. Doc. 37.

> [U]nder Rule 12(b)(6), plaintiff's complaint, even as amended, fails to state a claim against May on which relief can be granted. Moreover, plaintiff need not be afforded another opportunity to amend his complaint to attempt to remedy this defect, because, as May shows in her alternative motion under Rule 56, she is clearly entitled to summary judgment on the underlying claim however it is stated.[5]

The undersigned also found that plaintiff's claims against the St. Tammany Parish Jail and the United States Marshal's Service should be dismissed as frivolous and/or for failing to state a claim on which relief may be granted pursuant under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).[6] The United States District Judge then "adopt[ed] as its opinion *the portions* of the U.S. Magistrate Judge's Partial Report and Recommendations recommending that (1) U.S. Marshal Genny May's *motion to dismiss pursuant to Rule 12(b)(6)* be granted, and (2) that plaintiff's claims against U.S. Marshal Genny May, the St. Tammany Parish Jail and the U.S. Marshal's Service be dismissed."[7] Plaintiff has appealed that ruling to United States Fifth Circuit Court of Appeals.[8]

Plaintiff subsequently filed a "Motion for Leave of Court to Add Additional Defendants."[9] Specifically, plaintiff seeks permission to add "Unknown U.S. Marshal Agent[s]" as defendants in this action. He alleges that the unknown agents had actual knowledge that inmates at the St. Tammany Parish Jail had been assaulted due to inadequate classification and segregation policies

---

[5] Rec. Doc. 46, p. 8.

[6] Rec. Doc. 46, pp. 13-15. With respect to the claim against the United States Marshal's Service, the undersigned found that the claim was Bivens claim which must be dismissed because the United States Marshal's Service is not a proper defendant in a Bivens action. Rec. Doc. 46, pp. 14-15 (citing Whayne v. State of Kansas, 980 F. Supp. 387, 394 (D. Kan. 1997)).

[7] Rec. Doc. 51 (emphasis added).

[8] Rec. Docs. 56 and 58.

[9] Rec. Doc. 62.

and procedures and yet took no action to protect plaintiff from harm. Marshal May has opposed plaintiff's motion.[10]

In pertinent part, the Federal Rules of Civil Procedure provide:

**(a) Amendments Before Trial.**

> **(1) Amending as a Matter of Course.** A party may amend its pleading once as a matter of course within:
>
> > **(A)** 21 days after serving it, or
> >
> > **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). Because plaintiff's proposed amendments would be untimely under Rule 15(a)(1), and because the opposing party has not consented to the amendments, leave of court is required.

In her opposition to plaintiff's motion, Marshal May first argues that because the motion "implicates the subject matter of the appeal," plaintiff's filing of the interlocutory appeal divested this Court of jurisdiction to consider the motion. The undersigned disagrees. In his Order dismissing the claim against Marshal May, the United States District Judge adopted *only* that portion of the Report and Recommendation finding that the *motion to dismiss* should be granted pursuant

---

[10] Rec. Doc. 70.

to Rule 12(b)(6).[11] The findings on the *motion to dismiss* were grounded *solely* on the insufficiency of plaintiff's allegations that *May herself* "acted with actual knowledge and willful blindness." Therefore, even if the Court of Appeals determines that it has jurisdiction to consider the interlocutory appeal, the issue of whether Marshal May's *subordinate officers* had actual knowledge, which is the contention on which the proposed claims against them are based, is not before the appellate court. As a result, this Court retains jurisdiction to consider the motion for leave to amend the complaint to add those individuals as defendants. See Weingarten Realty Investors v. Miller, 661 F.3d 904, 908 (5th Cir. 2011) ("Although appeals transfer jurisdiction from the district court to the appellate court concerning those aspects of the case involved in the appeal, *the district court is nonetheless free to adjudicate matters that are not involved in that appeal*." (citations and quotation marks omitted; emphasis added)).

Marshal May also argues that plaintiff's motion evinces "bad faith." Specifically, she contends that plaintiff's motion is nothing more than an attempt to "circumvent" the Court's ruling dismissing May herself and the Marshal's Service as an entity. The undersigned is unpersuaded. Nothing in the Court's dismissal of May suggests that her subordinates could not be *separately* liable *based on their own personal involvement*. As to the dismissal of the Marshal's Service, that was a result of the fact that the *agency* is not a suable defendant; it in no way suggests that individual employees of the agency cannot be held liable. The fact that plaintiff, acting *pro se*, is struggling to find an appropriate federal defendant (in addition to the parish defendants he has sued) is not indicative of "bad faith."

---

[11] As noted above, the District Judge did *not* adopt that portion of the Report and Recommendation finding that May was alternatively entitled to summary judgment under Rule 56.

Lastly, Marshal May argues that the Court should deny plaintiff's motion in the interest of judicial economy, contending that the "Fifth Circuit's ultimate ruling on Plaintiff's appeal may obviate the need to amend the complaint" to add the additional defendants. Once again, the undersigned is unpersuaded. Even if plaintiff prevails on appeal, that would result only in Marshal May being reinstated as a defendant. However, while it is true that plaintiff is entitled to be made whole only once, he is nevertheless entitled to name as defendants *all* individuals against whom he has claims. Moreover, it is possible that, based on the evidence presented at trial, plaintiff could fail to meet his burden of proof on his claim against May but nevertheless still meet his burden of proof on his separate and distinct claims against her subordinates. Therefore, plaintiff has a valid reason for desiring to add the additional defendants.

In light of the foregoing findings, and because no other arguments have been advanced in the opposition to the motion to amend, leave to file the amended complaint will be granted.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for leave to amend the complaint, Rec. Doc. 62, is **GRANTED**, and the Clerk of Court is hereby directed to refile Rec. Doc. 62 into the record as an amended complaint.

New Orleans, Louisiana, this  8th  day of September, 2015.

*[signature]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**