UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GIRAY C. BIYIKLIOGLU                                    CIVIL ACTION

VERSUS                                                  NO. 14-1684

ST. TAMMANY PARISH JAIL, ET AL.                         SECTION I

ORDER

On December 4, 2015, the Court issued an order granting as unopposed a motion for summary judgment filed by defendants, Jack Strain, Nico Paternostro, and David J. Horchar (collectively, "the State Defendants"), on the basis of qualified immunity and failure to exhaust administrative remedies.[1] The Court also dismissed the remainder of plaintiff's claims against an unidentified U.S. Marshal or Marshals based on plaintiff's failure to prosecute.[2] Accordingly, the Court entered a judgment dismissing all of plaintiff's claims.[3] Plaintiff has now filed a motion[4] "to vacate or reconsider summary judgment" and he has attached a "Motion for Sanctions and [to] Compel" as to the U.S. Attorney's office that he attempted to file after judgment was entered.[5]

With respect to the grant of summary judgment in favor of the State Defendants, the Court previously found no basis to vacate or reconsider because summary judgment was appropriate on the basis of plaintiff's failure to exhaust administrative remedies.[6] With respect to the dismissal of plaintiff's claims against an unidentified U.S. Marshal or Marshals for failure to prosecute, the Court

---

[1] R. Doc. No. 91, at 1.
[2] R. Doc. No. 91, at 2.
[3] R. Doc. No. 92.
[4] R. Doc. No. 93.
[5] R. Doc. No. 94, at 4.
[6] R. Doc. No. 94, at 1-3.

1

directed the U.S. Attorney's office to respond to plaintiff's motion and, in particular, to address "whether plaintiff's failure to exhaust administrative remedies bars his claims against any U.S. Marshal or Marshals."[7]

The U.S. Attorney's office has now filed a response contending, *inter alia*, that plaintiff's motion to vacate or reconsider should be denied because plaintiff's failure to exhaust administrative remedies is equally fatal to his claims against any federal defendant.[8] This issue was originally briefed in a motion referred to the U.S. Magistrate Judge, although the issue was not addressed in the report and recommendation[9] later adopted by the Court.[10]

A prisoner may not bring a lawsuit based on prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Fifth Circuit takes a "strict" approach to PLRA exhaustion. *See, e.g.*, *Wilson v. Epps*, 776 F.3d 296, 299-300 (5th Cir. 2015). The Administrative Remedy Procedure ("ARP") in place at the time was available to plaintiff, a federal pre-trial detainee at the time of the alleged incident, permitting him to challenge the conditions of his confinement.[11] The Court has already found that the "summary judgment record conclusively establishes that plaintiff failed to exhaust his administrative remedies."[12] Furthermore, plaintiff has previously had an opportunity to respond to this issue and he has failed to articulate any legal

---

[7]R. Doc. No. 94, at 4.
[8]R. Doc. No. 95, at 5.
[9]R. Doc. No. 46.
[10]R. Doc. No. 51.
[11]R. Doc. No. 89-5, at 4 (affirming that the ARP "allows any inmate–whether they are being held by federal or state agencies after conviction or are pre-trial detainees–to request in writing for a review of a complaint the inmate may have about a policy, condition or incident that occurs within the jail").
[12]R. Doc. No. 94, at 3.

argument why the failure to exhaust should not also bar his claims against any federal defendant.[13] Accordingly, plaintiff's claims against any possible federal defendant would also have to be dismissed for failure to exhaust administrative remedies. Reopening this matter to allow plaintiff leave to amend to name a specific U.S. Marshal or Marshal as a defendant (or to file his motion to compel and for sanctions) would be futile.

In light of the foregoing and the present posture of this case,

**IT IS ORDERED** that the motion to vacate or for reconsideration is **DENIED**.

New Orleans, Louisiana, January 13, 2016.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[13]R. Doc. Nos. 40, 44. Plaintiff's original opposition was based solely on the contention that as a factual matter he had exhausted his administrative remedies, R. Doc. No. 40, at 5-6, which contention the Court has already rejected as unsupported by the record, R. Doc. No. 94, at 1-3.

The Court also notes that the U.S. Attorney's office submits an affidavit by a Deputy U.S. Marshal establishing that there "is no formal process whereby a federal detainee can file a complaint directly with the [U.S. Marshals Service] regarding conditions of confinement at a" state facility housing federal detainees. R. Doc. No. 95-3, at 3-4. Plaintiff has never submitted any evidence suggesting that such a process exists or that he attempted to exhaust administrative remedies pursuant to such a hypothetical system.