UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GIRAY C. BIYIKLIOGLU** | **CIVIL ACTION  NO. 14-1684** |
| **VERSUS** | **SECTION: I** |
| **ST. TAMMANY PARISH JAIL, ET AL.** | **JUDGE LANCE M. AFRICK** |
| | **MAGISTRATE JUDGE KNOWLES** |

## ORDER AND REASONS

Before the Court is a motion[1] filed by plaintiff, Giray C. Biyiklioglu ("Biyiklioglu") to amend the judgment[2] of December 7, 2015. All defendants filed responses in opposition.[3] For the following reasons, plaintiff's motion is **DENIED**.

## BACKGROUND

The Court assumes familiarity with the background of this case. This is plaintiff's second post-judgment motion; on January 13, 2016, the Court issued an order and reasons[4] denying plaintiff's motion[5] to vacate or for reconsideration on the basis that the undisputed record demonstrates that plaintiff failed to exhaust his administrative remedies, barring his claims against all defendants.

Plaintiff has now filed a motion to amend judgment under Rule 59(e), arguing that he has in fact exhausted his administrative remedies. Plaintiff offers – for the first time – a handwritten letter which he argues is evidence of such exhaustion.[6] This is the first time plaintiff has produced this document. Plaintiff states he placed the letter, dated September 18, 2013,[7] in an unsecured

---

[1] R. Doc. No. 97.
[2] R. Doc. No. 92.
[3] R. Doc. Nos. 99, 100.
[4] R. Doc. No. 96.
[5] R. Doc. No. 93.
[6] R. Doc. No. 97, at 7.
[7] R. Doc. No. 97, at 7.

1

mailbox at the St. Tammany Parish jail, which purportedly generates a genuine issue of material fact as to whether he fulfilled the second stage of the administrative grievance procedure.[8] Plaintiff argues this letter should be considered as evidence because this is the first time defendants have challenged his failure to follow the second step of the Administrative Remedy Procedure and he has not yet had an opportunity to provide evidence on this issue.[9]

## LAW AND ANALYSIS

A motion to alter or amend a judgment filed pursuant to Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration" pursuant to Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air. Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc). "The Court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).[10]

Plaintiffs may not use a Rule 59 motion to merely revisit issues that were decided against them. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.") (citing *Simon v. United States*, 891 F.2d 1154,

---

[8] R. Doc. No. 97, at 4.
[9] R. Doc. No. 98, at 2.
[10] Plaintiff invokes Rule 59(e) and that procedural framework is not challenged by any defendant. Although his motion was filed more than 28 days after entry of judgment and therefore does not appear to be timely, the Court will nonetheless address it as a Rule 59(e) motion because the motion would still be denied if it were construed as a Rule 60 motion. *See Lavespere*, 910 F. 2d at 173-74 ("A motion to reopen a case under Rule 59(e), though subject to much more stringent time limitations than a comparable motion under Rule 60(b), is not controlled by the same exacting substantive requirements.").

1159 (5th Cir.1990)); *see also Arceneaux v. State Farm Fire & Cas. Co.*, No. 07–7701, 2008 WL 2067044, at *1 (E.D.La. May 14, 2008) (Feldman, J.) ("Rule 59 motions should not be used to relitigate old matters, raise new arguments, *or submit evidence that could have been presented earlier in the proceedings*.") (emphasis added).

In his present motion, plaintiff continues to relitigate the question of administrative exhaustion by submitting a document that he himself purportedly created more than two years ago. However, plaintiff offers no proof that this evidence was recently discovered or that he could not have produced it earlier in this case. Plaintiff's assertion that this is his first opportunity to produce evidence relating to exhaustion is incorrect. The motion for summary judgment squarely raised the issue of exhaustion of administrative remedies and it addressed the contents of plaintiff's administrative file where any grievances filed by plaintiff would have been found. The burden was, therefore, on plaintiff to generate a genuine issue of material fact with respect to the issue of whether he fully complied with the administrative remedies. Plaintiff failed to do so in opposition to summary judgment and he failed to do so in his first post-judgment motion, at which time the Court specifically noted that "plaintiff has previously had an opportunity to respond to this issue."[11] Plaintiff now seeks to take another bite at the apple in order to introduce new purported evidence that should have been presented earlier in these proceedings. Accordingly, he has not demonstrated a manifest error of law or fact or presented newly discovered evidence which would warrant relief pursuant to Rule 59(e). *See Wilcox v. Welders*, 969 F. Supp. 2d 668, 687 (E.D. La. 2013).

The Court notes one additional matter raised by counsel for the U.S. Marshal: plaintiff's unpaid filing fees. The Court has been informed that plaintiff has been transferred to the custody

---

[11] R. Doc. No. 96, at 2; *see also* R. Doc. No. 91.

of the Bureau of Prisons at FCI Oakdale I. Prior to his transfer, funds were deducted from his prisoner account in the amount of $54.66 toward payment of the total of $855 in filing fees accrued in this matter, leaving $800.34 in unpaid filing fees related to this matter as of February 2, 2016.[12] Payment of filing fees is mandatory, and such fees should continue to be paid from plaintiff's account at his present place of confinement. *See* 28 U.S.C. § 1915(b).

## CONCLUSION

In light of the foregoing,

**IT IS ORDERED** that the motion to amend judgment is **DENIED.**

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Warden of FCI Oakdale I shall withhold 20 percent of the preceding month's income credited to the plaintiff's prisoner account and forward payments to the Clerk of Court when the balance in the account exceeds $10. This order shall continue until the full balance of $800.34 is collected from plaintiff's prisoner account or the plaintiff is transferred or released from the custody of the Bureau of Prisons. The payments are to be forwarded to the Clerk of Court, 500 Poydras Street, Room C-151, New Orleans, Louisiana, 70130. Each payment shall bear the plaintiff's name and the above civil action number.

---

[12] R. Doc. No. 99-1.

**IT IS FURTHER ORDERED** that, if plaintiff is transferred to a another facility or is released from custody, the Warden shall notify the Court of plaintiff's new facility or forwarding address within 30 days of plaintiff's transfer or release.

New Orleans, Louisiana, February 23, 2016.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

**Clerk to Serve:**

**Financial**

**Warden
FCI Oakdale I
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5050
OAKDALE, LA  71463**